IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARL W. BUSCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number CIV-09-661-C |
| | ) |
| SOUTHWEST SECURITIES, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a financial advisor, brought an arbitration action against Defendant, his former employer, asserting a number of claims arising out of his employment and resignation. In addition, Defendant sought to recover money that it claimed Plaintiff owed pursuant to a promissory note executed between the parties. Arbitration proceedings were held over the course of five days beginning February 23, 2009. Ultimately, the panel granted summary judgment in favor of Defendant on its claim, awarding it $174,484.14 in compensatory damages along with interest, costs, and attorneys' fees. The panel recommended that the reason for Plaintiff's termination as stated on his Form U-5 should be expunged and replaced with "voluntary." Finally, the panel dismissed the remainder of Plaintiff's claims with prejudice. Plaintiff filed the present motion to partially vacate the arbitration award, and Defendant filed a motion to confirm the award.

"Judicial review of arbitration panel decisions is extremely limited; indeed, it has been described as 'among the narrowest known to law.'" Dominion Video Satellite, Inc. v.

Echostar Satellite L.L.C., 430 F.3d 1269, 1275 (10th Cir. 2005) (citation omitted). Pursuant to the Federal Arbitration Act, a district court may vacate an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). In addition, courts may vacate arbitration awards where the arbitrators acted in manifest disregard of the law, meaning they "'knew the law and explicitly disregarded it.'" Dominion, 430 F.3d at 1275 (quoting Bowen v. Amoco Pipeline Co., 254 F.3d 925, 932 (10th Cir. 2001)).

Plaintiff contends that the transcript of the proceedings demonstrates six instances of arbitrator misconduct or refusal to consider material evidence: (1) the panel failed to award Plaintiff damages for unpaid recruitment bonuses; (2) the panel refused to admit evidence regarding Defendant's attempt to replace Plaintiff; (3) the panel questioned a witness in an attempt to impeach Plaintiff; (4) the panel failed to award damages for Plaintiff on his defamation claim, even though it found the statement on Plaintiff's U-5 was false; (5) the panel would not let Plaintiff impeach a witness; and (6) the panel acted as an advocate for Defendant by making its own objection regarding the relevance of certain testimony.

Further, Plaintiff contends that the panel exceeded its authority in awarding Defendant attorney's fees.

**1. Damages for Recruitment Bonuses**

According to Plaintiff, the panel refused to award Plaintiff a recruiting bonus of $16,780.00 for recruiting Sam Munhollon and Janelle Skelton, despite evidence proving Plaintiff was entitled to such an award. In addition, Plaintiff finds fault with the panel's refusal to grant him damages of $12,500.00 for a back-end bonus for the recruitment of Dennis Spencer.

According to the Tenth Circuit, "[t]he arbitrator's award is not open to review on the merits. The merits embrace not only asserted errors in determining the credibility of witnesses, the weight to be given their testimony, and the determination of factual issues, but also the construction and application of the collective bargaining agreement." Jenkins v. Prudential-Bache Sec., Inc., 847 F.2d 631, 635 (10th Cir. 1988) (internal citations and quotation marks omitted). A careful review of the record in this case indicates that the panel heard evidence favorable to both sides before making its decision. While Plaintiff introduced evidence showing that he was entitled to a bonus, Defendant introduced evidence that such a bonus had already been paid. There is no indication that the arbitrators engaged in any type of misconduct or were partial to one side or the other in making their determination. Instead, the evidence presented a factual dispute for the arbitration panel to decide, and there is no basis upon which the Court may vacate the panel's award on this issue.

**2. Panel's Refusal to Admit Evidence**

Second, Plaintiff contends that the panel refused to permit him to present evidence that Defendant had recruited a headhunter to try to find Plaintiff's replacement before late September or early October in an effort to refute Defendant's contention that it did not intend to demote Plaintiff until late September or early October after some branch employees complained about Plaintiff's behavior. A review of the transcript indicates that Defendant objected to such evidence as inadmissible hearsay. When Plaintiff's attorney pointed out that Defendant elicited similar hearsay testimony earlier, but Plaintiff did not object because it was an arbitration proceeding, not a trial, Arbitrator Cornelius stated that he had to rule on the objection that was made and, because the testimony appeared to be hearsay, it would be excluded.

"An arbitrator 'must grant the parties a fundamentally fair hearing . . . [, which] requires only notice, opportunity to be heard and to present relevant and material evidence and argument before the decision makers, and that the decisionmakers are not infected with bias.'" Bad Ass Coffee Co. of Hawaii v. Bad Ass Coffee Ltd. P'ship, 25 F.App'x 738, 743 (10th Cir. 2001) (unreported) (citation omitted). Even if an arbitration panel wrongfully excludes material evidence, its award will only be vacated if it deprived a party of a fundamentally unfair hearing. Id.

The Court finds that the panel's refusal to consider the proffered evidence did not amount to misconduct or deprive Plaintiff of a fundamentally fair hearing. Plaintiff was permitted to introduce an abundance of evidence casting doubt on Defendant's proffered

reason for his termination. In addition, Plaintiff stated at the end of the arbitration proceeding that he had a full and fair opportunity to be heard during the proceedings. Accordingly, the Court finds that there was no misconduct in refusing to hear the proffered evidence.

### 3. Panel's Questioning of Witness

Third, Plaintiff argues that on one occasion during the arbitration, the panel questioned a witness in an attempt to impeach Plaintiff's credibility. According to Plaintiff, a witness had previously testified about his recruitment by Plaintiff. At the end of his testimony, one of the arbitrators questioned the witness about where Plaintiff was working at the time the recruitment took place. Because Plaintiff had previously testified that it would be unethical for him to recruit a broker to a new firm while he himself was employed at a different firm, Plaintiff contends that this was a blatant attempt to impeach his credibility.

The Court finds no merit in such assertions. At the end of virtually every witness's testimony, the arbitrators asked a number of questions in order to clarify what they were previously told and resolve any issues that they might have with the testimony. There is no indication that these questions in any way differed from those asked of other witnesses. Additionally, as noted above, courts may not review the merits of an arbitrator's award, which includes the credibility of witnesses. Plaintiff has not demonstrated that any of the statutory bases for vacatur are present here, and accordingly the Court will not overturn the arbitrators' award on this basis.

**4. Damages for Defamation**

Fourth, Plaintiff contends that the panel failed to award him damages on his claim for defamation, even though the panel recommended expungement of the statement on Plaintiff's U-5 that he was involuntarily terminated. According to Plaintiff, such a statement constitutes defamation per se, and he was therefore not required to prove special damages in order to be able to recover on his claim.

In order for this to constitute manifest disregard of the law, the Court must find that the record shows that the arbitrators knew the law and explicitly disregarded it. Dominion, 430 F.3d at 1275. No such indication appears anywhere in the record, nor does Plaintiff assert that this occurred. Because Plaintiff has not shown that he was denied a fundamentally fair hearing by the panel's refusal to award damages, the Court may not vacate its award.

**5. Panel's Refusal to Permit Plaintiff to Impeach Witness**

Fifth, Plaintiff contends that during the course of his cross-examination of James Ross, Defendant's CEO, the panel refused to allow Plaintiff to impeach Mr. Ross's testimony. A careful review of the record indicates that Plaintiff questioned Mr. Ross about his employment at Geodyne Securities and then attempted to impeach Mr. Ross by showing him an article discussing lawsuits that implicated Geodyne. Defendant objected to the introduction of such articles on the basis that they were unreliable and unsubstantiated. Because Plaintiff did not provide any background attesting to the reliability of such evidence, the panel excluded it.

The Court finds that this does not amount to arbitrator misconduct and that it did not deprive Plaintiff of a fundamentally fair hearing. As Plaintiff himself noted during discussions with the panel, he could have simply admitted the cases themselves that specifically named Geodyne. Plaintiff did not do so, and the fact that the panel excluded testimony regarding unsubstantiated and unreliable exhibits is not sufficient to permit the Court to overturn its award.

**6. Panel's Objection Regarding the Relevance of Testimony**

Sixth, Plaintiff contends that the panel made its own objection to the relevance of testimony that Plaintiff argues was clearly for purposes of impeachment, thereby acting as an advocate for Defendant. The record indicates that the panel was concerned that this testimony exceeded the scope of direct examination and, after questioning Plaintiff on its relevance, the panel decided to permit the testimony to proceed, asking that Plaintiff keep it as relevant as possible.

The Court finds that this allegation is insufficient to indicate that the arbitrators showed "evident partiality" toward Defendant. Instead, the testimony indicates that the arbitrators did not want their time or the time of any of the parties present to be wasted. Plaintiff has not alleged any sort of business dealings or other relationship to indicate that the panel was predisposed to find in favor of Defendant, and therefore the Court may not vacate the award on this basis.

**7. Award of Attorney's Fees**

Finally, Plaintiff contends that the arbitration panel exceeded its authority in awarding attorneys' fees to Defendant. In his motion, Plaintiff argues that the award of attorneys' fees was punitive in nature and was therefore improper. In his reply and response to Defendant's motion to confirm, Plaintiff further argues that the award should be vacated because the arbitration panel failed to segregate attorneys' fees incurred for claims allowing their recovery from fees incurred for claims for which no such recovery is permitted.

The Court finds that the arbitration panel had the authority to award attorneys' fees. As Plaintiff notes, the FINRA rules regarding arbitration permits the award of attorneys' fees in accordance with the applicable law. (See Pl.'s Mot., Dkt. No. 1, Ex. 2 at 12.) It was proper for the panel to award attorneys' fees pursuant to the written contract between the parties providing for such an award. Simply because the remainder of the award may not have been proper under the applicable law does not mean that such an award exceeds the powers of the arbitrators. Rather, it would constitute a mistake of law that this Court could only remedy if it rose to the level of "manifest disregard" of the law. Plaintiff has not met his burden of demonstrating that the record shows that the panel was aware of the applicable law but explicitly disregarded it. Accordingly, the Court does not have the authority to vacate the panel's award.

Accordingly, Plaintiff's Motion to Partially Vacate Arbitration, and Motion to Confirm Arbitration Panel's Expungement Award (Dkt. No. 1, Ex. 2) is DENIED.

Defendant's Motion to Confirm Arbitral Award (Dkt. No. 15) is GRANTED. The panel's award is confirmed in its entirety.

IT IS SO ORDERED this 17th day of November, 2009.

*/s/ Robin J. Cauthron*
ROBIN J. CAUTHRON
United States District Judge